IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Lani E. Clark, | § | |
|       *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-CV-00198-LY |
| | § | |
| | § | |
| Lois Kolkhorst, Texas State Senator, | § | |
| in her individual capacity and in her | § | |
| official capacity, | § | |
|       *Defendant.* | § | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL AND MOTION TO EXTEND DISCOVERY AND TO FILE DISPOSITIVE MOTIONS

The issue presented in this case is narrow and straightforward: was Defendant Kolkhorst's operation of her campaign Facebook page an official state action such that it is subject to the protections of the First Amendment and, if so, did the removal of Plaintiff's comments from that platform violate those protections. Defendant fully and accurately answered Plaintiff's discovery requests on these relevant issues. Plaintiff's motion to compel seeks irrelevant and burdensome discovery into immaterial activities of Defendant's senate office, such as asking Defendant to compile a list of the dates and locations of every public meeting "on matters of public interest" she conducted since taking office in 2014. Moreover, the bulk of Plaintiff's motion is directed to items for which Defendant has provided a complete response but for which Plaintiff simply speculates there *may* be additional documents.

Because Plaintiff fails to establish any actual deficiencies in Defendant's responses, the Court should deny the motion to compel (Doc. 43). And as Defendant appropriately responded to Plaintiff's discovery requests, Plaintiff's motion to extend (Doc. 42) does not establish good cause to delay the current scheduling deadlines and the Court should deny that request, too.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

1.      **Interrogatories 1-4: Defendant correctly identified responsive individuals in the role and capacity in which they provided information or acted in the underlying events.**

In her first four interrogatories, Plaintiff sought the identity, including name, address, employer, job title, capacity, telephone number, email addresses of: 1) each person answering or providing information in response to the interrogatories, 2) each person with personal knowledge of "the facts and circumstances surrounding the happenings and occurrences referred to in the complaint," 3) of each person who has had and/or currently has any responsibility to monitor and/or manage the Kolkhorst Facebook page, and 4) each person who has logged into the Kolkhorst Facebook page or whose Facebook user account has been assigned a Facebook role on the Kolkhorst Facebook page. *See* Doc. 43 at 30-31.

Defendant responded to each of these requests identifying the responsive individuals, including the capacity and job title in which the individual was actually responsive to the request—as an employee of the Kolkhorst campaign. *See id.* As is true for most politicians, some individuals hold positions in both Defendant's campaign and her senate office. But these are separate positions with independent salaries, distinct job responsibilities, and separate work hours. Thus, for example, although Matthew Russel holds distinct positions as both the Media Director in Kolkhorst Campaign and the Communications Director of Defendant's senate office, it would be inaccurate and misleading to identify Mr. Russell in his senate role in response to these requests because the information he provided in answering the interrogatories, as well his role and knowledge in managing the Campaign Facebook page, including Plaintiff's removal from it, derives from his capacity as an employee of the campaign. This separation holds for all of the employees who are employed by both the campaign and the senate office: no position in Defendant's senate office carries any responsibilities or duties regarding the campaign Facebook page. Consequently, no

employee of Defendant's senate office has any "role" in the Campaign Facebook page. Further, none of Defendant's employees are assigned a formal "role" in the Facebook page such as "administrator Campaign's, editor, moderator, advertiser, analyst, and/or jobs manager." Accordingly, Defendant has accurately and fully responded to these interrogatories.

Similarly, although Plaintiff complains that Defendant failed to include addresses, telephone numbers, and email addresses, Defendant provided appropriate contact information for the identified parties. For Vici Media, the only responsive entity that was not an employee of either the senate office or the campaign, Defendant provided an address and telephone number. *Id.* at 31. For the campaign employees, Defendant specifically identified the individuals and noted that they "may be contacted through Defendant's counsel of record in this action." *Id.* That response is appropriate here because central employees of Defendant's campaign, specifically the Campaign Director and Media Director, should only be contacted by the opposing party through counsel.[1] Plaintiff tenuously argues that the personal contact information of Defendant's employees can be used "for purposes other than contacting those individuals, such as determining where they live in relation to Defendant's offices." Of course, personal phone numbers and email addresses serve no such use. More importantly, where an individual lives in relation to Defendant's various offices has no probative bearing on any substantive issue in this case and is therefore wholly irrelevant.

Plaintiff's complaint regarding Defendant's ostensible failure to disclose Ashlee Sartor in response to interrogatories 1-4 is also unfounded. At the time of the events at issue in this lawsuit, Ms. Sartor was an intern in Defendant's senate office, who at times answered the phone. As alleged in the complaint, Sartor's sole interaction with Plaintiff was that she happened to answer two of Plaintiff's phone calls, took a message from Plaintiff and, on one call, informed Plaintiff that the

---

[1] Plaintiff does not raise any concerns about service of process, however, the undersigned will also accept service of documents and other process on behalf of these individuals.

Kolkhorst Campaign had a Facebook page. (Doc. 14, ¶¶ 46-47). Her identity was not responsive

to interrogatories as she did not provide input into the interrogatory responses, did not have any

responsibility to monitor or manage the Campaign Facebook page, has neither logged into the

Campaign Facebook page nor been assigned a role on the Campaign Facebook page, and had no

firsthand knowledge of Plaintiff's removal from the page.

Regardless, when Plaintiff specifically inquired about Sartor prior to filing her motion to

compel, Defendant voluntarily supplemented her interrogatory responses to identify Sartor and

clarify her limited connection to the case. *See* Doc. 43 at 57. It is unclear what additional

information Plaintiff may be seeking in regard to Ms. Sartor, but Defendant has no additional

responsive information to disclose. Likewise, while Plaintiff speculatively questions whether

Defendant's response to her request for production number 4 "may be missing documents and

communications involving Ashlee Sartor or other individuals left out of Defendant's initial

response," Defendant has not withheld any such communications.

2.      **Interrogatories 8 and 13: Defendant fully disclosed the actions directed or authorized with regard to Plaintiff's Facebook account, along with the person directed or authorized to take those actions, and has already supplemented to provide the responsive information regarding her campaign.**

Plaintiff's motion to compel does not clearly specify either the manner in which she

believes Defendant failed to respond to interrogatory number 8 or the specific information she

believes should have been provided. In her conferral correspondence, Plaintiff asserted that

Defendant's answer should have identified the name of the person who directed and/or authorized

the actions described in the interrogatory, but the interrogatory does not call for that information.

Interrogatory number 8 asks only for a description of the actions authorized or directed by "You,"

which Plaintiff broadly defined to include Defendant Kolkhorst and her agents, employees,

volunteers or any other person acting or purporting to act on her behalf, in regard to Plaintiff's

Facebook page and the persons *who was/were directed to take such action*.  Defendant's campaign

is encompassed in Plaintiff's definition, and Defendant's response fairly met the substance of

Plaintiff's request. Plaintiff may not now attempt to compel information that she did not ask for in

her interrogatories.

Defendant has also responded to interrogatory 13 with the responsive information about

the Lois W. Kolkhorst Campaign, which is its correct legal name. Defendant's campaign is not a

corporate entity and therefore has no form or date of organization. It requires no license or other

specific approval to operate. After receiving Plaintiff's conferral letter, Defendant supplemented

her response to this interrogatory to state that the campaign was registered with the Texas Ethics

Commission for purposes of complying with applicable laws and campaign finance requirements,

even though such information is, at best, only marginally relevant here. *See* Doc. 43 at 60. As such,

Defendant has fairly met the substance of this request, as well, and there is no additional relevant

information to be disclosed or compelled.

**3**.      **Interrogatories 9-11 and Requests for Production 5-7: Defendant has fully responded to these requests that she does not have a formal "social media policy," formalized "methods or techniques" to manage or operate social media accounts, or a "system to record contacts with social media users in connection with the management and operation of Defendant's social media accounts."**

Although Defendant clearly and directly answered each of these requests, Plaintiff has filed

a motion to compel on these issues solely because "Defendant's responses lead Plaintiff to believe

that Defendant is only answering these Interrogatories in her individual capacity and not in her

official capacity as a State Senator." But Defendant made no such distinction, and her answers are

equally true of both capacities. Further, while Defendant respectfully disagrees that interrogatory

number 10 asks for some type of guidance documents or other analyses of methods and techniques

that she *should* be using, Defendant has no such documents. Defendant has therefore provided a

complete and accurate response to these requests and Plaintiff's attempt to compel additional

information based on nothing more than mere supposition is improper.

**4.      Interrogatory 15: Plaintiff's request for a list of every public meeting conducted by Senator Kolkhorst during her time in office is patently overbroad, unduly burdensome, and harassing, and, despite Plaintiff's best efforts to articulate some tangential relevance, wholly immaterial to the issues to be decided by the Court.**

The issues in this case turn exclusively on threshold questions of the operation and nature

of the Kolkhorst Facebook page and, if the page amounted to state action, which it did not, the

secondary question of whether Plaintiff's removal from the page violated the First Amendment,

which it also did not. Plaintiff's request for a list of every public meeting conducted by Defendant

Kolkhorst since her election to the Texas Senate has no probative value to those issues.

Accordingly, Defendant correctly objected that the request was "plainly overly broad, unduly

burdensome, and harassing" and that it was neither relevant nor proportional to the needs of this

case. Doc. 43 at 33-34.

Plaintiff argues that her request is not overbroad because it applies only to public meetings

about pending legislation or "other matters of public interest." But it is difficult to see how any

public meeting or event conducted by an elected official would not arguably touch on a matter of

public interest. This request is therefore overbroad and unduly burdensome because it seeks to

force Defendant to identify and compile a list of every public meeting or event she conducted, and

is in no way tailored to events that might have some arguable bearing on the case at bar. And

Plaintiff's explanation that these unrelated meetings are somehow relevant to applying prior First

Amendment precedents to Defendant's Facebook page also fails under scrutiny. As an initial

matter, the public fora framework is not particularly pertinent here, where the primary issue is

whether Defendant operated the campaign Facebook page as a tool of governance such that it is

even subject to the strictures of the First Amendment. Even so, while Plaintiff is correct that the

federal courts have articulated certain hallmarks used in identifying a public forum, the relevant inquiry here is how that legal framework would apply to the facts surrounding the Facebook page, not to other public events conducted by Senator Kolkhorst. The requested list has no tendency to make the existence of any fact that is of consequence more or less probable and is therefore neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Evid. 401.

In light of the burden of compiling such a list, and the inconsequence of the information sought, interrogatory No. 15 is also disproportionate to the needs of this case. Indeed, the Supreme Court has noted that such broad ranging discovery is "peculiarly disruptive of effective government." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). This is particularly true in this time of declared disaster, when Senator Kolkhorst and her staff are focused on responding to and addressing the perilous effects of the COVID-19 pandemic on the residents in her senate district and throughout the State of Texas. Therefore, while Senator Kolkhorst certainly takes seriously her obligation to participate in relevant discovery, now more than ever, this type of fishing expedition is intolerable because it needlessly diverts Defendant and her staff from the crucial tasks at hand.

5.    **Interrogatory No. 16 and Request for Production 11: Plaintiff's requests for a description of any systems Defendant maintains or operates to record communications with constituents, as well as any policies for operating such a system, as well as the request for all documents and communications concerning such a system is also overbroad and again seeks information that is neither relevant nor proportional in this case.**

Though not entirely clear, it appears from Plaintiff's motion to compel that Plaintiff is trying to obtain records of communications from constituents complaining of Defendant's actions in regard to the Campaign's Facebook page. If that is so, it is hard to conceive framing more overbroad and burdensome requests than Interrogatory 16 and Request for Production 11, which

ask for irrelevant descriptions and policies relating to the Senate tracking system and, incredibly, every document or communication Defendant's senate office has regarding that system. *See* Doc. 43 at 34. The Court should sustain Defendant's objections on that basis alone.

Yet, even if Plaintiff had narrowly tailored her request to specific constituent communications, she fails to offer any meaningful explanation as to how those communications are in any way probative of the issues before the Court. Plaintiff simply speculates that her calls to Kolkhorst's senate office "perhaps should have been logged into such a system, in addition to any other constituents who called Defendant's state office to discuss Defendant's Facebook page and any actions taken against other constituents' Facebook user accounts." And she says she needs to know the details of such a system to determine whether Plaintiff can request further evidence…and the extent to which Defendant's actions on her Facebook page have affected other constituents, as well." But Plaintiff conspicuously fails to identify what evidence she seeks to request or how complaints by other constituents would have any bearing on whether *her removal* from the Facebook page was at odds with the First Amendment. Thus, in addition to being overbroad, Plaintiff has failed to show that she seeks information that is relevant or reasonably calculated to lead to any specific evidence that would be admissible.

In either event, there is no relevant information to be produced. While the Texas Senate does have a system to allow legislators' offices to track constituent contacts, Defendant Kolkhorst's senate office only logs contacts relating to senate business. Calls regarding the Campaign Facebook page do not involve official senate business and are referred to the Campaign, just as Plaintiff was. Thus, while Defendant's senate office does have logs of Plaintiff's calls addressing pending legislation, which Defendant has produced, it does not keep a record of calls relating to the Campaign's Facebook page. Interrogatory 16 and Request for Production 11 are

therefore not only objectionable, but there is no additional, relevant information to be compelled by the Court.

6.      **Request for Production No. 2: Although Plaintiff's request again fails to clearly specify what she is seeking, Defendant has fully and completely responded that it does not have any responsive documents.**

As stated in Defendant's objection, this request for "all records made by You on any Facebook posts, comments and/or reactions made by Plaintiff's Facebook Account" is vague and ambiguous and fails to specify with any particularity what Plaintiff is actually seeking. Doc. 43 at 47. Defendant did not independently make any records of Plaintiff's Facebook posts, comments, or reactions. The only records are the posts themselves, which Defendant has been unable to access through the Facebook application after removing Plaintiff from the page. The posts may be recoverable or stored by Facebook, but they are not within Defendant's possession, custody, or control. Defendant therefore responded accurately and completely to this request, and has not withheld any otherwise responsive materials.

7.      **Request for Production No. 9: Defendant fully responded to this request by stating that she had no responsive documents but Plaintiff baselessly included this item in her motion to compel anyway.**

In response to Plaintiff's interrogatory No. 9, Defendant correctly objects that Plaintiff's request for notices regarding the removal of other Facebook users was irrelevant, as this case involves the specific facts and circumstances leading to Plaintiff's removal. Doc. 43 at 7. Defendant nevertheless clearly responded that there were no such notices. It is therefore unclear what Plaintiff further response Plaintiff hoped to obtain through her motion to compel, but Defendant has no additional information or documentation to provide. Here, as in each of the foregoing requests, Defendant fully and completely responded to Plaintiff's requests, either with

the responsive information and/or appropriate objection, and Plaintiff's motion to compel should

be denied in its entirety.

### RESPONSE TO MOTION TO EXTEND DISCOVERY AND TO FILE DISPOSITIVE MOTIONS

To meet the requisite good cause standard, the party seeking to modify the scheduling order

has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the

party needing the extension." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015)

(internal quotation marks omitted)). Plaintiff contends only that "[s]ince Defendant did not answer

fully and completely Plaintiff's first two sets of discovery, Plaintiff has been unwilling to squander

any more limited discovery requests…" (Doc. 42, p. 4). But, as shown above, Defendant did

respond completely to Plaintiffs requests, and in the intervening time Plaintiff has served two

additional sets of interrogatories and requests for admissions. *Id.* Consequently, Plaintiff has not

identified any specific discovery that cannot be completed within the current timeframes, much

less shown that such discovery is sufficiently important to constitute good cause for modifying the

discovery deadlines in this case. Nevertheless, the undersigned informed Plaintiff prior to the filing

of this motion that they would work with her to facilitate the provision reasonable discovery, even

if that requested discovery falls outside the June 12 discovery cut-off. *See* Doc. 42 at 38. But

Defendant Kolkhorst does not believe that a preemptive extension of discovery of two and a half

months is necessary in this case. For related reasons, Plaintiff has not shown good cause to extend

the dispositive motion deadline. Defendant is concerned that the Court will not have adequate time

to review dispositive motions if the deadline is extended, and Plaintiff offers no justification for

prolonging the dispositive motion briefing schedule.

### PRAYER

Plaintiff's motion to compel and motion to amend the scheduling order should be denied.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

RYAN L. BANGERT
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Michael R. Abrams*
MICHAEL R. ABRAMS
Texas Bar No. 24087072
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Michael.Abrams@oag.texas.gov

***Counsel for Senator Lois Kolkhorst in her Official Capacity***

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
3711 S. MoPac Expressway
Building One, Suite 300
Austin, Texas 78746
Telephone: (512) 472-8021
Facsimile: (512) 320-5638

By:*/s/ Gunnar P. Seaquist*
Gunnar P. Seaquist
State Bar No: 24043358
gseaquist@bickerstaff.com

***Counsel for Senator Lois Kolkhorst in her Individual Capacity***

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing document was served upon Plaintiff Lani E. Clark via the Court's CM/ECF system on May 18, 2020.

/s/ <em>Michael R. Abrams</em>
MICHAEL R. ABRAMS
