UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LANI E. CLARK, | § | |
| Plaintiff | § § § | |
| v. | § § | CIVIL NO. A-19-CV-0198-LY-SH |
| LOIS KOLKHORST, | § § § | |
| Defendant | § § | |

**O R D E R**

Before the Court are Plaintiff's Motion to Compel Full and Complete Discovery Responses (Dkt. No. 43), Defendant's Response (Dkt. No. 44), and Plaintiff's Reply (Dkt. No. 45). On September 16, 2019, the District Court referred all nondispositive motions in this case to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I.   Background**

This discovery dispute arises out of a civil rights suit filed by pro se plaintiff Lani E. Clark against Texas State Senator Lois Kolkhorst. Clark alleges that Kolkhorst engaged in viewpoint-based discrimination and censorship of Clark's speech about matters of public concern in a public forum, thereby violating Clark's rights under the First and Fourteenth Amendments. Dkt. No. 14. Clark brings her claims against Kolkhorst in both her individual capacity and her official capacity as a State Senator.

On May 10, 2020, Clark filed the instant motion, seeking to compel Kolkhorst to fully respond to her First Interrogatories and Requests for Production served on February 27, 2020. Dkt. No. 43.

While Kolkhorst responded to the discovery requests, Clark contends that her responses are inadequate. Kolkhorst opposes the motion, asserting that she has provided complete responses to Clark's requests and arguing that Clark seeks irrelevant and overly burdensome discovery. Dkt. No. 44.

## II.     Analysis

Federal Rule of Civil Procedure 26(b)(1) provides that parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Generally, the scope of discovery is broad. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Id.* (quoting *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). Information within the scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b)(1).

After a party has attempted in good faith to obtain discovery without court action, that party may move for an order compelling disclosure or discovery. FED. R. CIV. P. 37(a)(1). Once the party seeking discovery establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the resisting party to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted. *See Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606 (W.D. Tex. 2019). "The Court must balance the need for discovery by the requesting party and the relevance of the discovery to the case against the harm, prejudice, or burden to the other party." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 389 (N.D. Tex. 2003). "A trial court enjoys wide discretion in determining the scope and effect of discovery." *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

With these standards in mind, the Court addresses the disputed discovery requests.

**A.  Interrogatory Nos. 1-5 and Request for Production No. 4**

Interrogatory Nos. 1-4 seek information regarding the identity of each person (1) answering or providing information in response to the interrogatories, (2) with personal knowledge of "the facts and circumstances surrounding the happenings and occurrences referred to in the complaint," (3) who has had and/or currently has any responsibility to monitor or manage the Kolkhorst Facebook page, and (4) who has logged into the Kolkhorst Facebook page or whose Facebook user account has been assigned a Facebook role on the Kolkhorst Facebook page. Dkt. No. 43 at 30-31. Clark requests each individual's name, address, employer, job title or capacity, telephone number, and email address. *Id*.

Clark complains that Kolkhorst's responses to Interrogatory Nos. 1-4 are insufficient because they identify several individuals as employees of Defendant's campaign, but fail to include information concerning their employment by Kolkhorst as a State Senator. Dkt. No. 43 at 5. Specifically, Clark contends that some employees identified in Kolkhorst's responses held titles with both her campaign and her Senate office, and Kolkhorst's responses should have identified those employees' roles and titles in both positions. *Id*.

Kolkhorst responds that while Clark is correct that some individuals held positions in both her campaign and her Senate office, the respective roles for each position are distinct and carry separate responsibilities. Dkt. No. 44 at 2-3. Kolkhorst asserts that her answers accurately identify the responsive individuals in the role in which they provided information or acted in the underlying events. *Id*. In reply, Clark argues that the Interrogatories did not direct Kolkhorst to qualify her responses to the capacity or job title in which each individual was responding to the requests. Dkt. No. 45 at 1-2.

The Court agrees. Kolkhorst's responses should include all employers and job titles or capacities for each identified individual, including those who worked for both her campaign and

Senate staff. Because the Court finds that the requested information is relevant to Clark's claims, Kolkhorst is **HEREBY ORDERED** to supplement her answers to Interrogatory Nos. 1-4 to include full and complete responses.

Clark also argues that Kolkhorst's responses to Interrogatory Nos. 2-5 are incomplete because it "appears Defendant was withholding information regarding a Senate employee," identifying Ashlee Sartor as an individual employed by Kolkhorst's State Senate office during the time of the events at issue in Clark's suit. Dkt. No. 43 at 6; Dkt. No. 45 at 2. Clark also contends that Kolkhorst's response to Request for Production No. 4 may be missing documents related to Sartor. Dkt. No. 43 at 11. Kolkhorst responds that Sartor was employed as an intern at the time of the events at issue, but her identity

> was not responsive to the interrogatories as she did not provide input into the interrogatory response, did not have any responsibility to monitor or manage the Campaign Facebook page, has neither logged into the Campaign Facebook page nor been assigned a role on the Campaign Facebook page, and had no firsthand knowledge of Plaintiff's removal from the page.

Dkt. No. 44 at 4. Regardless, Kolkhorst has voluntarily supplemented her interrogatory responses to identify Sartor and her connection to the suit. *Id*.; *see also* Dkt. No. 43 at 57. Kolkhorst did not, however, provide any contact information for Sartor. The Court **ORDERS** Kolkhorst to further supplement her responses to include contact information for Ashlee Sartor.

Next, Clark complains that Kolkhorst failed to provide all of the identifying information requested, such as addresses, telephone numbers, and email addresses for each individual. Dkt. No. 43 at 5-6. Kolkhorst responds that she provided the appropriate contact information for the identified individuals, who are her employees and should be contacted through her counsel of record. Dkt. No. 44 at 3. These responses are sufficient and Clark's motion is **DENIED** as to her request for further contact information with the exception of Sartor, as ordered above.

B.  **Interrogatory Nos. 8 and 13**

Clark also asserts that Kolkhorst's answers to Interrogatory Nos. 8 are 13 are incomplete. Dkt. No. 43 at 7.

Interrogatory No. 8 states: "List and describe in detail any actions within the Facebook application You directed and/or authorized with regard to Plaintiff's user account and/or Plaintiff's comments on the Kolkhorst Facebook Page and identify the person(s) who was/were directed or authorized to take such action." Dkt. No. 43 at 23. The Interrogatories define "You" as "Lois Kolkhorst and her predecessors, successors in interest, agents, employees, attorneys, volunteers and any other person acting or purporting to act on her behalf as both a state senator and/or as a candidate campaigning for public office." *Id*. at 20. Kolkhorst's response to Interrogatory No. 8 states: "The Lois Kolkhorst Campaign" hid Clark's comments and blocked Clark's user account, and that "Matthew Russell, Media Director for the Lois W. Kolkhorst Campaign was directed and/or authorized to take the foregoing actions." *Id*. at 32.

> Interrogatory No. 13 seeks the legal name of any organization used by Kolkhorst
>> with regard to campaigning for public office, including any other names which each organization uses to identify itself, whether such names are registered with any official, and the date and place of such registration, the form of the organizations, the date and place the organization(s) was/were organized and registered and/or licensed to do business.

*Id*. at 24. Kolkhorst answered "Lois W. Kolkhorst Campaign" to Interrogatory No. 13. *Id*. at 33.

Clark argues that due to Kolkhorst's "refusal to supply any further information requested on the Lois W. Kolkhorst Campaign entity in response to Interrogatory No. 13, Defendant has also failed to fully and accurately answer Interrogatory No. 8." *Id*. at 7. Kolkhorst contends that she fully responded Interrogatory No. 13 by providing the legal name for her campaign, and that most of the information requested by Clark does not apply because the campaign is not a business

5

organization. Dkt. No. 44 at 5. Kolkhorst further argues that her response to Interrogatory No. 8 "fairly met the substance" of Clark's request and asserts that Clark "may not now attempt to compel information that she did not ask for in her interrogatories." *Id*.

It is unclear what further information Clark seeks in response to Interrogatory No. 8. The Court agrees that Kolkhorst fully responded to Interrogatory No. 13. The Court finds that Kolkhorst's responses are sufficient. Clark's Motion is **DENIED** as to Interrogatory Nos. 8 and 13.

### C. Interrogatory Nos. 9-11 and Requests for Production Nos. 5-7

Interrogatory Nos. 9-11 and Requests for Production Nos. 5-7 seek information and documents related to any of Kolkhorst's social media policies, methods, and techniques used in the management and operation of her social media accounts, and any systems Kolkhorst maintains or operates to record contacts with social media users. Dkt. No. 43 at 23-24. In her responses to these discovery requests, Kolkhorst stated that she had no social media policy for her campaign Facebook page and that she has no responsive documents. *Id.* at 32-33, 48-49. Clark argues that "Defendant's responses to these Interrogatories, in general, lead Plaintiff to believe that Defendant is only answering these Interrogatories in her individual capacity and not in her official capacity as a State Senator." *Id*. at 8. Clark further asserts that Kolkhorst's responses to Request Nos. 5-7 "may suffer from the same deficiencies . . . with regard to Defendant responding in her individual capacity and not in her official capacity, as a State Senator." *Id*. at 11. Kolkhorst responds that her answers are "equally true" as to both her individual and official capacities and asserts that she has provided complete and accurate responses to these requests. Dkt. No. 44 at 5-6.

Absent evidence to the contrary not present here, Clark is required to accept Kolkhorst's representation that no responsive documents are within her possession, custody, or control. Based on Kolkhorst's unequivocal statements that she has answered fully and accurately in both her

6

individual and official capacities, the Court **DENIES** Clark's Motion to Compel as to Interrogatory Nos. 9-11 and Requests for Production Nos. 5-7.

### D. Interrogatory No. 15

Interrogatory No. 15 seeks a list of "the dates and locations of any public meetings Defendant has organized and/or conducted while serving as a Texas State Senator on pending legislation or other matters of public interest." Dkt. No. 43 at 25. Kolkhorst objected to Interrogatory No. 15 as overly broad, unduly burdensome, and harassing. *Id*. at 33-34. She further objected on the basis that Clark had not explained how the information was relevant or proportional to the needs of the case, asserting that the interrogatory constitutes a "fishing expedition." *Id*. at 34. Clark argues that Kolkhorst should be compelled to answer Interrogatory No. 15 because "Defendant's conduct in such physical public forums is relevant to what the Court may determine to be a virtual public forum online." Dkt. No. 43 at 9. She further argues that the Interrogatory seeks information related to Kolkhorst's "experience with, her willingness to engage in and her understanding of 'public forums,'" asserting that this information is "absolutely material to the issues to be decided by this Court." Dkt. No. 45 at 3.

Relevance is to be construed broadly, but the scope of discovery is not unlimited. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Interrogatory No. 15 is overbroad and not proportional to the needs of this case. Clark's Motion to Compel as to Interrogatory No. 15 is **DENIED**.

### E. Interrogatory No. 16 and Request for Production No. 11

Interrogatory No. 16 states: "Describe fully any system(s) Defendant maintains or operates to record communications with Defendant's constituents and Defendant's policies for operating such a system." Dkt. No. 43 at 25. Request for Production No. 11 seeks: "All documents and communications concerning any system(s) Defendant maintains or operates to record contacts with

7

Defendant's constituents and Defendant's policies for operating such a system." *Id.* at 41. Kolkhorst objected to these discovery requests as irrelevant, overbroad, and disproportionate. Dkt. No. 43 at 34, 49-50.

Kolkhorst's objections as to the relevance of Interrogatory No. 16 and Request No. 11 are overruled because any policies for operating a system of recording communications with her constituents concerning her Facebook page are relevant to whether Kolkhorst acted in her official capacity to operate that page. Kolkhorst is **HEREBY ORDERED** to answer Interrogatory No. 16 with respect to her Facebook page. Request No. 11, however, is overbroad and disproportionate to the needs of this case, and the burden of this proposed discovery would outweigh its likely benefit. FED. R. CIV. P. 26(b)(1). Based on the foregoing, the Court **GRANTS** Clark's Motion to Compel as to Interrogatory No. 16 and **DENIES** the Motion as to Request for Production No. 11.

### F. Request for Production No. 2

Clark also contends that Kolkhorst failed to produce relevant documents in response to Request for Production No. 2, seeking: "All records made by [Kolkhorst] on any Facebook posts, comments, and/or reactions made by Plaintiff's Facebook account." Dkt. No. 43 at 10, 39. Although Kolkhorst objected to the Request, she also responded that, "after a diligent search and effort, Defendant is unable to access Plaintiff's posts, comments, and/or reactions on the Lois Kolkhorst Campaign Facebook Page." *Id.* at 47. In her response to Clark's motion, Kolkhorst further states that she did not independently make any records of Clark's Facebook posts, comments, or reactions and has not withheld any otherwise responsive materials. The Court therefore **DENIES** Clark's Motion to Compel with respect to Request for Production No. 2.

### G. Request for Production No. 9

Finally, in Request for Production No. 9, Clark requests copies of all "all notices, similar in kind and purpose to the notice that was emailed to the Plaintiff on January 10, 2019 . . . with

regards to deleting and/or hiding comments and blocking Facebook users." Dkt. No. 43 at 40. Kolkhorst objected to Request No. 9 as irrelevant and stated that she has no responsive documents. *Id*. at 49. Clark's motion to compel challenges Kolkhorst's relevance objection, arguing that the information sought by Request No. 9 is relevant to Clark's allegations of Kolkhorst's policy and/or longstanding custom regarding removal of comments based on the viewpoint expressed. *Id*. at 11.

The Court agrees with Clark that the documents sought in Request No. 9 would be relevant to arguments asserted in this suit. Because of Kolkhorst's unequivocal statements that there are no responsive documents, however, Clark's Motion to Compel as to Request for Production No. 9 is **DENIED**.

### III.     Conclusion

As detailed above, Clark's Motion to Compel (Dkt. No. 43) is **GRANTED IN PART** and **DENIED IN PART**. Kolkhorst shall supplement her discovery responses as outlined in this Order no later than **Thursday, June 11, 2020**.

**SIGNED** on June 4, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE