IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Lani E. Clark, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-CV-00198-LY |
| | § | |
| Lois Kolkhorst, Texas State Senator, | § | |
| in her individual capacity and in her | § | |
| official capacity, | § | |
|     *Defendant.* | § | |

## DEFENDANT'S NOTICE OF POSSIBLE MOOTNESS

On February 5, 2021, Plaintiff Lani Clark informed undersigned counsel that Facebook disabled her "Lulu Clark" Facebook account without explanation. *See* Exhibit A. Plaintiff believes that the ban is permanent. *Id.* In light of the fact that this development may moot the case, and in keeping with counsel's obligations "to bring to the federal tribunal's attention, '*without delay*,' facts that may raise a question of mootness," *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997) (citation omitted), Defendant submits this notice of possible mootness so that the issue may be resolved prior to the bench trial to be held in this matter.

### BACKGROUND

Lois Kolkhorst is a Texas senator who operates a Facebook page in support of her candidacy for office. Doc. 48 at 3–4. In 2017, Plaintiff Lani Clark, through her "Lulu Clark" Facebook account, left multiple comments on one of Kolkhorst's posts. *Id.* at 5–7. Kolkhorst's campaign deleted the comments and prevented Clark from further posting on the page. *Id.* at 7. Plaintiff contends that Kolkhorst violated the First Amendment by deleting the comments and blocking Plaintiff from being able to access the page. Compl., Doc. 14 ¶¶ 73–96. She also contends that she has a due process right

to a pre- and possibly post-deprivation hearing prior to comments being deleted from the page. *Id.* ¶¶ 97–103.

Plaintiff seeks a declaratory judgment, as well as other forms of injunctive relief, including a request that Kolkhorst restore "Plaintiff's ability to comment or otherwise participate on the public Kolkhorst Facebook page." *Id.*, Prayer for Relief ¶ 6.

## MOOTNESS

Mootness is "the doctrine of standing in a time frame." *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). The doctrine requires the "requisite personal interest that must exist at the commencement of litigation (standing)" to "continue throughout its existence (mootness)." *Id.* Mootness arises "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). The Fifth Circuit has long held that "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Carmouche*, 449 F.3d at 661. "Mootness applies when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ctr. for Biological Diversity, Inc. v. BP Am. Prod. Co.*, 704 F.3d 413, 425 (5th Cir. 2013).

If Plaintiff's "Lulu Clark" Facebook account has indeed been disabled, this matter would appear to be moot. Plaintiff would no longer have a "legally cognizable interest in the outcome" of the case, because the Court could not award her any meaningful relief. Even if the Court were to find in her favor, the Court could not reinstate her ability to use that account to post on the Kolkhorst Facebook page or provide prospective relief as to her due process claim.

Because the only claims remaining are against Kolkhorst in her official capacity, Doc. 56 at 2, Plaintiff must establish an ongoing harm sufficient to invoke the *Ex parte Young* exception to sovereign immunity. *See Va. Office for Protection & Advocacy v. Stewart*, 563 U.S. 247, 255 (2011) (explaining that the *Ex parte Young* exception to sovereign immunity applies only to prospective relief and therefore

requires an "ongoing violation of federal law[.]"). Her request for a declaratory judgment is insufficient on its own to confer jurisdiction. *See Texas v. Ysleta del Sur Pueblo*, 367 F. Supp. 3d 596, 602 (W.D. Tex. 2019) ("The Declaratory Judgment Act provides no independent cause of action.").

Assuming that Facebook has permanently disabled Plaintiff's primary user account, Plaintiff cannot claim that *Kolkhorst* is causing her an ongoing harm. Moreover, Plaintiff has acknowledged that she operates a different Facebook account under the name "Zelda Williams," and she does not dispute that the "Zelda Williams" page is free to access and comment on any post on the Kolkhorst Facebook page. Doc. 48 at 7–8. Thus, the only harm alleged in this case arose out of the blocking of the "Lulu Clark" Facebook page, and according to Plaintiff, that page has been disabled.

In sum, Plaintiff's claim for declaratory and injunctive relief would no longer be "live" if she is unable to access the "Lulu Clark" Facebook page from which the comments at issue were posted. Accordingly, Defendant respectfully requests that the Court consider whether these facts, assuming they are accurate as presented in the exchange attached to this notice, "raise a question of mootness," *Arizonans for Official English*, 520 U.S. at 68 n.23.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

*/s/ Michael R. Abrams*
MICHAEL R. ABRAMS
Texas Bar No. 24087072
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667
Michael.Abrams@oag.texas.gov

***Counsel for Senator Lois Kolkhorst in her Official Capacity***

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing document was served upon Plaintiff Lani E. Clark via the Court's CM/ECF system on February 23, 2021.

                                                        /s/ *Michael R. Abrams*
                                                        MICHAEL R. ABRAMS