UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **LANI E. CLARK,** *Plaintiff* § § § | |
| v. § | Case No. 1:19-CV-00198-LY-SH |
| **LOIS KOLKHORST,** *Defendant* § § § § § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE LEE YEAKEL**
   **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant's Notice of Possible Mootness, filed February 23, 2021 (Dkt. 66), and Plaintiff's Response, filed February 25, 2021 (Dkt. 67). The District Court referred this case to the undersigned Magistrate Judge for resolution of all nondispositive motions and Report and Recommendation on all dispositive motions, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas (Dkt. 29).

### I. Background

Plaintiff Lani E. Clark filed this suit on March 1, 2019, alleging that Defendant Lois Kolkhorst, a Texas State Senator, violated Clark's First and Fourteenth Amendment rights by deleting Clark's comments and blocking her from posting on Kolkhorst's Facebook page. Kolkhorst operates a Facebook page titled "Lois Kolkhorst" (the "Kolkhorst Facebook Page"). Clark maintains two Facebook accounts under the names "Lulu Clark" and "Zelda Sukit," which Clark has changed to "Zelda Williams." Dkt. 67 at 1. In March 2017, through her "Lulu Clark" Facebook account, Clark posted to the Kolkhorst Facebook Page comments about the Texas Privacy Act, which Kolkhorst

1

co-authored. Dkt. 14 ¶¶ 34-37. Kolkhorst deleted Clark's comments and banned Clark's "Lulu Clark" account from posting on the Kolkhorst Facebook Page. Dkt. 66 at 1. Clark then used her "Zelda Sukit"/"Zelda Williams" account to post comments, which Clark contends "were (and continue to be) hidden on the Kolkhorst Facebook Page." Dkt. 67 at 1; *see also* Complaint Ex. H, Dkt. 14 at 48-50.

In her complaint, Clark alleges that the Kolkhorst Facebook Page is a public forum and Kolkhorst has engaged in viewpoint discrimination by deleting her comments and banning her account, violating the First Amendment. Clark further contends that Kolkhorst took these actions without notice and without providing an opportunity for appeal, violating her rights under the Fourteenth Amendment's Due Process Clause. Clark asserts claims under 42 U.S.C. § 1983 against Kolkhorst in her official capacity, seeking declaratory judgment and injunctive relief.[1]

On or about December 19, 2020, Facebook permanently disabled Clark's "Lulu Clark" Facebook account. Dkt. 66-1 at 2. Kolkhorst now asks the Court to determine whether this case should be dismissed as moot.

## II.  Legal Standard

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing "cases" or "controversies." U.S. CONST. art. III, § 2.

> Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them, and confines them to resolving real and substantial controversies admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).

---

[1] The District Court granted summary judgment dismissing Clark's claims against Kolkhorst in her individual capacity. Dkt. 56 at 2.

The case or controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate. It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (cleaned up); *see also Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."). A case becomes moot and there is no longer a case or controversy "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Chafin*, 568 U.S. at 172. In other words, a case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emp. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012). "[A]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Ellis v. Bhd. of Ry., Airline & S.S. Clerks, Freight Handlers, Exp. & Station Emps.*, 466 U.S. 435, 442 (1984).

### III. Analysis

Kolkhorst asserts that this case may be moot because the banned "Lulu Clark" Facebook account has been permanently disabled. Dkt. 66 at 3. Clark argues that she still has an interest in obtaining injunctive and declaratory relief because Kolkhorst removed comments posted from both of her Facebook accounts without prior notice, and that some of those comments remain hidden due to the viewpoints they express. Dkt. 67 at 3.

In her Amended Complaint, Clark asserts that Kolkhorst "engaged in viewpoint-based discrimination and censorship of Plaintiff's speech about matters of public concern in a public forum." Dkt. 14 ¶ 74. She seeks the following relief:

- a declaration that Kolkhorst's "administration and maintenance of the public Kolkhorst Facebook page and her policy and/or longstanding customs" to delete comments and ban users based on their viewpoint are unconstitutional;

- a declaration that Kolkhorst's "ongoing ban from and/or restrictions on Plaintiff with regard to the public Kolkhorst Facebook page" constitutes an impermissible prior restraint on speech;

- injunctive relief preventing Kolkhorst "from removing, censoring, or otherwise restricting protected speech" and "from banning or restricting users who engage in protected speech on the public Kolkhorst Facebook page";

- restoration of "Plaintiff's ability to comment and otherwise participate" on the page;

- a requirement that Kolkhorst "develop, ratify, and execute . . . a policy for monitoring, maintaining, and administering the public Kolkhorst Facebook page that protects the First Amendment rights of speakers"; and

- attorneys' fees, statutory fees, and costs under 42 U.S.C. § 1988.

*Id.* at 25-26.

Clark's requests for declaratory and injunctive relief are not tied to either of her Facebook accounts; rather, they are based on Kolkhorst's alleged unconstitutional restriction of Clark's speech on the Kolkhorst Facebook Page. Clark posted comments to the Kolkhorst Facebook Page through both her "Lulu Clark" and her "Zelda Sukit"/"Zelda Williams" accounts. Clark alleges that Kolkhorst hid posts from her "Zelda Sukit"/"Zelda Williams" account, as well as deleting posts from the "Lulu Clark" account. Dkt. 14 at 48-50. Kolkhorst agrees that Clark's "Zelda Williams" account remains active. Dkt. 66 at 3.

Facebook's intervening act may prevent the Court from granting Clark injunctive relief permitting future posts from "Lulu Clark" on the Kolkhorst Facebook Page, but it does not eliminate Clark's interest in obtaining declaratory and injunctive relief for allegedly unconstitutional actions by Kolkhorst. *See Powell v. McCormack*, 395 U.S. 486, 497 (1969) ("Where one of the several issues presented becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy."); *Dierlam v. Trump*, 977 F.3d 471, 476-77 (5th Cir. 2020) (stating that, "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot").

Even without her "Lulu Clark" account, Clark's "Zelda Sukit"/"Zelda Williams" Facebook account provides Clark with an active presence on Facebook. Consequently, Clark has a concrete interest in retrospective and prospective relief against Kolkhorst's allegedly unconstitutional actions on the Kolkhorst Facebook Page.

## IV.   Recommendation

There remains a live controversy for the Court to resolve in which the parties have an interest. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that the District Court find that the case is not moot.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 20, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE