IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| Lani E. Clark, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:19-CV-00198-LY |
| | § | |
| | § | |
| Lois Kolkhorst, Texas State Senator, | § | |
| in her individual capacity and in her | § | |
| official capacity, | § | |
|     *Defendant*. | § | |

**DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION**

Defendant Lois Kolkhorst, in her official capacity as a Texas state senator, respectfully submits the following objections to Judge Hightower's Report and Recommendation (Doc. 69).

**BACKGROUND**

Kolkhorst is a Texas senator who operates a Facebook page in support of her candidacy for office. Doc. 48 at 3–4. In 2017, Plaintiff Lani Clark, posting on Facebook through the user account "Lulu Clark", left multiple comments on one of Kolkhorst's posts. *Id.* at 5–7. Kolkhorst's campaign deleted the comments and prevented the "Lulu Clark" account from further posting on the page. *Id.* at 7. Plaintiff contends that Kolkhorst violated the First Amendment by deleting the comments and blocking Plaintiff from accessing the page. Compl., Doc. 14 ¶¶ 73–96.

Separately, Plaintiff also operates a Facebook account using the name "Zelda Williams" (formerly "Zelda Sukit"). Doc. 48 at 6. That account has never been blocked, and is not currently blocked, from accessing or commenting on the Kolkhorst Facebook page. *Id.* at 7–8. On February 5, 2021, Plaintiff Lani Clark informed undersigned counsel that Facebook permanently disabled her

"Lulu Clark" Facebook account. Doc. 66-1. The "Zelda Williams" account remains active. Doc. 68 at 6.

In keeping with counsel's obligations "to bring to the federal tribunal's attention, '*without delay*,' facts that may raise a question of mootness," *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.23 (1997) (citation omitted), Kolkhorst submitted a notice of possible mootness for the Court's consideration prior to the forthcoming bench trial in this matter. Doc. 66. In her response to the notice, Plaintiff confirmed that Facebook has disabled her "Lulu Clark" account, Doc. 67 at 1, but asserted that she maintains a live interest in the case that prevents dismissal on mootness grounds. *Id.* at 6.

Construing the notice as a motion to dismiss on the basis of mootness, Judge Hightower concluded in the report and recommendation (R&R) that the case is not moot because "[e]ven without her 'Lulu Clark' account, Clark's 'Zelda Sukit'/'Zelda Williams' Facebook account provides Clark with an active presence on Facebook. Consequently, Clark has a concrete interest in retrospective and prospective relief against Kolkhorst's allegedly unconstitutional actions on the Kolkhorst Facebook Page." Doc. 69 at 5. The R&R therefore recommended that the Court find that the case should proceed. *Id.*

## OBJECTIONS

The R&R erred in concluding that this case is not moot. First, Plaintiff cannot have a concrete interest in retrospective relief against Kolkhorst, because any claims for retrospective relief are barred by sovereign immunity. Kolkhorst is sued in her official capacity only. *See* Doc. 56 at 2 (dismissing Plaintiff's claims against Kolkhorst in her individual capacity). A district court does not have jurisdiction under *Ex parte Young* to issue retrospective relief against an official sued in his or her official capacity. *Papasan v. Allain*, 478 U.S. 265, 278 (1986). A "backwards-looking, past-tense declaratory judgment issued by the district court is tantamount to an award of damages for a past

violation of law, even though styled as something else." *Freedom from Religion Foundation v. Abbott*, 955 F.3d 417, 425 (5th Cir. 2020) (cleaned up). For these reasons, Plaintiff cannot obtain retrospective relief against Kolkhorst, and this suit cannot proceed on that basis.

Second, Plaintiff does not retain a concrete interest in obtaining prospective injunctive relief. A plaintiff must retain a "personal stake" that "subsists through all stages of federal judicial proceedings." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (cleaned up).

Plaintiff lacks that requisite personal stake. The Court cannot order Kolkhorst to unblock the "Lulu Clark" Facebook page because the page is permanently disabled. And Plaintiff has never been prohibited from posting to the Kolkhorst page through the Zelda Williams account. Because Plaintiff has full access to comment on Kolkhorst's Facebook posts, and has had that access for years, Kolkhorst "can do nothing more to ameliorate" Plaintiff's claimed injury. *Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020). The mere fact that Plaintiff uses Facebook does not give her an ongoing personal stake in maintaining this litigation. *Cf. Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 288 (5th Cir. 2015). (noting that "past exposure to illegal conduct, by itself, does not evince a present case or controversy and thus cannot establish standing."); *Cheeseman v. Carey*, 623 F.2d 1387, 1392 (2d Cir. 1980) (holding that request for injunction was moot after plaintiffs "received all the relief due them" and that the "issue thus now lacks one of the requisites of a live controversy, namely, a 'real and immediate' threat of injury").

Plaintiff's last argument is that this case is not moot because some of her comments, posted as "Zelda Sukit," were hidden or deleted in 2017. Doc. 67 at 6. But that contention fares no better. That theory would allow for injunctive relief based on a stray deleted comment on a social media platform going back a decade, solely because of the contingent possibility that the comment might

somehow be restorable. New technology, however, cannot circumvent longstanding immunity principles prohibiting courts from addressing the constitutionality of past conduct. The removal of comments on Facebook posts dating back several years indisputably involves a concrete set of past actions, just as the refusal to allow Plaintiff to include her views on a Kolkhorst campaign mailer in 2017 would have. *See, e.g.*, *National R.R. Passenger Corp. v. McDonald*, 978 F. Supp. 2d 215, 231 (S.D.N.Y. 2013) ("Amtrak cannot surmount the Eleventh Amendment bar simply by framing the relief it seeks as a declaratory judgment; its claim clearly relates to a past purported violation of federal law and thus does not meet the *Ex parte Young* exception."); *Spec's Family Partners, Ltd. v. Nettles*, 972 F.3d 671, 681 (5th Cir. 2020) (finding that plaintiff failed to overcome immunity where "the investigation and SOAH proceedings forming the basis of the allegations in this case are completed" because the "injunctive relief sought focuses on past behavior but does not allege an 'ongoing violation of federal law.'").[1] In some circumstances, a claim for damages might still be possible against individual actors in their individual capacities (if, for example, the plaintiff could overcome qualified immunity), but that inquiry is separate from whether a plaintiff has shown an entitlement to a prospective injunction based on an *ongoing* violation of law. Comments on Facebook posts that are over four years old—like a campaign mailer long since discarded—are not in any sense current and cannot establish the requisite ongoing violation of law.

In sum, Plaintiff's claims for declaratory and injunctive relief are no longer be "live" and this case should be dismissed.

---

[1] Other Fifth Circuit cases in the past year have grappled with *Ex parte Young*'s retrospective/prospective distinction, with a focus on the particular facts and allegations each plaintiff put forward. *See, e.g.*, *Williams v. Reeves*, 954 F.3d 729, 737–39 (5th Cir. 2020); *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 472–73 (5th Cir. 2020) (en banc).

## CONCLUSION

Plaintiff's concession that her primary Facebook account has been permanently disabled moots this case. Defendant respectfully requests that the Court sustain these objections to Judge Hightower's report and recommendation and dismiss Plaintiff's claims because they are moot.

        Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

/s/ Michael R. Abrams
MICHAEL R. ABRAMS
Texas Bar No. 24087072
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-475-4022
Fax: 512-320-0667
Michael.Abrams@oag.texas.gov

*Counsel for Senator Lois Kolkhorst in her Official Capacity*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon Plaintiff Lani E. Clark via the Court's CM/ECF system on May 3, 2021.

        /s/ Michael R. Abrams
        MICHAEL R. ABRAMS